JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LC STAHL, LLC,

      Plaintiffs,

  v.

LOAN FUNDER LLC SERIES 1829,

      Defendants.

Case No.: CV 19-00870-CJC

**ORDER DISMISSING APPEAL FOR LACK OF PROSECUTION**

## I. INTRODUCTION AND BACKGROUND

Appellant LC Stahl filed its Notice of Appeal from Bankruptcy Court and Statement of Election on May 8, 2019. (Dkt. 1.) On July 5, 2019, the Court set a briefing schedule for the appeal and ordered that the opening brief be filed no later than August 2, 2019. (Dkt. 10.) When no opening brief was filed two weeks after this deadline had passed, the Court issued an order to show cause why the appeal should not

be dismissed for lack of prosecution. (Dkt. 13.) Appellant responded on August 21, 2019. (Dkt. 14.) The Court finds that Appellant has failed to demonstrate good cause, and as a result, its appeal is **DISMISSED** with prejudice.

## II. DISCUSSION

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Having weighed these factors, the Court finds that on balance, they favor dismissal.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). And "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Appellant here was noncompliant and failed to show good cause for its delay. Appellant provides two reasons for its failure to file an opening brief in compliance with the Court's schedule: (1) its counsel was "afflicted by a series of respiratory attacks" that limited his ability to work, and (2) its counsel was recovering from injuries he sustained after tripping over a fence. (Dkt. 14.) For several reasons, the Court finds that these explanations fail to demonstrate good cause. First, Appellant does not allege that its counsel was incapacitated to the extent that he could not alert the Court of his conditions and request an extension. Such requests are easily filed and readily granted upon receipt of an

adequate explanation. Nor does Appellant provide any medical documentation to substantiate the claims made regarding its counsel's injuries. Finally, Appellant provides no explanation as to why its counsel, who was allegedly unable to file so much as a request for extension for an entire month, could suddenly file its opening brief in the next 24 to 36 hours.

Turning to the remaining factors, there is a rebuttable presumption of prejudice to defendants when a plaintiff delays prosecution of an action. *See In re Eisen,* 31 F.3d 1447, 1452–53 (9th Cir. 1994). The public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Though the Court has considered the availability of less drastic alternatives, it finds that such alternatives are not appropriate here in light of the remaining four factors.

### III. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** with prejudice for lack of prosecution. Judgment shall be entered accordingly.

DATED: August 23, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE